Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5939 | **DATE** | 6/13/2002 |
| **CASE TITLE** | ANTHONY R. FINOCCHIO vs. ERIC JOHNSON | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held and continued to August 13, 2002 at 9:00 a.m. Enter Memorandum Opinion And Order. Oppenheimer's motion to dismiss Count IV of the amended complaint and Trautman's motion to dismiss Count V of the amended complaint are granted. Count IV is dismissed without prejudice. Count V is dismissed with prejudice. Trautman's answer to remaining counts to be filed on or before July 11, 2002.

(11) ☒ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | JUN 14 2002 date docketed | 15 |
| | Notified counsel by telephone. | | | | |
| ✓ | Docketing to mail notices. | | | docketing deputy initials | |
| | Mail AO 450 form. | | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | 02 JUN 13 PM 4:14 | date mailed notice | |
| | LG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED
JUN 1 4 2002

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANTHONY R. FINOCCHIO, )
)
Plaintiff, )
) No. 01 C 5939
v. )
) Judge John W. Darrah
ERIC JOHNSON; OPPENHEIMER & CO., a )
New York corporation; TRAUTMAN )
WASSERMAN & CO., a New York corporation; )
TRAUTMAN KRAMER & CO., a New York )
corporation; and PHYTOTECH, INC., a New Jersey )
corporation, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Anthony Finocchio ("Finocchio"), brought a multi-count complaint against Defendants, alleging violations of the Securities Exchange Act of 1934, 15 U.S.C. § 78j and breaches of fiduciary duty. Presently before the Court are Oppenheimer & Co.'s ("Oppenheimer") Motion to Dismiss Count IV of the Amended Complaint and Trautman Wasserman & Co./Trautman Kramer & Co.'s ("Trautman") Motion to Dismiss Count V of the Amended Complaint.

The allegations in those counts of Plaintiff's Amended Complaint support the following summary of the purported relevant conduct of Oppenheimer and Trautman.

In early April 1997, Finocchio instructed CIB Bank of Hillside, in writing, to wire the sum of $200,000 from his bank account at CIB Bank of Hillside to the Bank of New York for deposit into account No. 8540904104, with additional instructions to credit the funds to Anthony

Finocchio in account No. 62811336. That same month, Finocchio instructed the Bank of New York to credit the $200,000 to his Oppenheimer account No. 62811336. In April 1997, Finocchio received confirmation from the CIB Bank of Hillside showing that $200,000 had been transferred from his account at CIB Bank of Hillside to the Bank of New York. Finocchio did not receive confirmation indicating that there was a proper transfer from the Bank of New York to Oppenheimer account No. 62811336. At some point, Johnson, the Executive Vice President of the Investment Banking Division of Trautman, interfered with the transfer of funds, diverting Finocchio's funds to an account other than Oppenheimer account No. 62811336.

In January 2000, Finnochio learned that the $200,000 was never credited to his account No. 62811336 per his instruction to Bank of New York. Instead, the funds were transferred to account No. 622810762, an account held by Finnochio's son and daughter-in-law.

Finnochio alleges that he did not authorize a transfer of funds to account No. 622810762 and that Johnson took the money but did not invest the money; instead, Johnson spent the money.

Motion to Dismiss Count IV

Paragraph 15 of Count IV of Finocchio's Amended Complaint alleges that Oppenheimer transferred funds from account No. 62811336 into account No. 62810762 without authorization or direction. In support of this allegation, Finocchio attached a copy of the Request to Receive Funds to the Amended Complaint as Exhibit C. The Request to Receive Funds (Exhibit C) contradicts Finocchio's allegation as account No. 62810762 is the only account number referenced on the document. Where an exhibit attached to a complaint contradicts or negates a complaint's allegations, the exhibit, fairly construed, controls in ruling on a Rule 12(b)(6) motion to dismiss. *See Graue Mill Dev. Corp. v. Colonial Bank & Trust Co.*, 927 F.2d 988, 991 (7th

2

Cir. 1991). Count IV further alleges that Oppenheimer failed to use due diligence to verify the authenticity of the Request to Transfer Funds and in not conducting an audit to reveal that the funds had been deposited to an authorized account. Oppenheimer had a fiduciary duty to verify the authenticity of the wire transfer and had a duty to find the missing funds and deposit them in the correct account once an inquiry into the funds was made. As a result of Oppenheimer's failure to exercise its fiduciary duty, Finnochio sustained damages of $200,000.

Oppenheimer seeks the dismissal of Count IV, arguing that it fails to state a claim upon which relief can be granted.

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). Dismissal is warranted only if the plaintiff can prove no set of facts in support of its claims that would entitle it to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). However, even under these liberal pleading requirements, a plaintiff must allege more than bold assertions. A complaint must include at least the operative facts upon which the plaintiff bases his or her claims. *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992).

To state a claim for breach of fiduciary duty, a plaintiff must allege that a fiduciary duty exists, that the fiduciary duty was breached, and that the breach proximately caused plaintiff's injury. *Neade v. Portes*, 193 Ill. 2d 433, 444 (2000). "The general rule ... is that a broker is not the fiduciary of his customer unless the customer entrusts him to select the customer's investments." *See In re Mexico Money Transfer Litig.*, 164 F.Supp. 2d 1002, 1016 (N.D. Ill. 2000).

3

Here, the parties agree that Oppenheimer acted as a clearing agent - a broker carrying a nondiscretionary account. The duty of care owed by such an agent is an exceedingly narrow one. At most, the duty consists of properly carrying out the transactions ordered by the customer. *See First American Discount Corp. v. Jacobs*, 324 Ill. App. 3d 997, 1012 (2001); *Commodity Futures Trading Comm'n v. Heritage Capital Advisory Serv.*, 823 F.2d 171, 173 (7th Cir. 1987) (*Commodity*).

Finnochio alleges that Oppenheimer breached this narrow duty by failing to follow the wire transfer instructions and insuring that the funds were credited to the account as instructed. However, Finnochio's Amended Complaint does not allege that he instructed Oppenheimer to wire transfer funds and place them in a particular account. Instead, he alleges that he instructed the Bank of New York to credit his Oppenheimer account and identified the account into which he wished the funds to be placed. There are no allegations that Finnochio instructed Oppenheimer to carry out any function and that Oppenheimer failed to properly carry out Finnochio's instructions. Furthermore, the Request to Transfer Funds attached to the Complaint indicates only account No. 62810762. Therefore, there is no allegation of a breach of a fiduciary duty and the count must be dismissed.

Based on the above, Oppenheimer's Motion to Dismiss Count IV of the Amended Complaint is granted. Count IV is dismissed without prejudice.

Motion to Dismiss Count V

Count V alleges that Johnson's conduct, as an employee and agent of Trautman, constituted securities fraud in violation of 15 U.S.C. § 78j(b) and Rule 10-(b)(5) promulgated thereunder. Trautman seeks dismissal of Count V on the grounds that the count is barred by the

applicable statute of limitations. Finnochio did not file a response in opposition to Trautman's motion.

Claims asserting violations of securities fraud under Section 10(b) of the Securities and Exchange Act must be brought within one year of the discovery of the facts constituting the violation and within three years after such violation. *See Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 364.

Here, Finnochio alleges that the act of securities fraud occurred in April 1997, when his monies were diverted. He further alleges that he did not become aware of the diversion in funds until January 2000. However, Finnochio did not file suit until August 2, 2002, more than one year after he discovered the facts constituting the violation and more than three years after the alleged violation. Therefore, his securities fraud claim is barred by the statute of limitations; and Count V is dismissed with prejudice.

For the reasons set forth above, Oppenheimer's Motion to Dismiss Count IV of the Amended Complaint and Trautman's Motion to Dismiss Count V of the Amended Complaint are granted. Count IV is dismissed without prejudice. Count V is dismissed with prejudice.

Dated: June 13, 2002

JOHN W. DARRAH
United States District Judge

5